IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES L. MARTIN, §
§ No. 401, 2018
    Plaintiff Below, §
    Appellant, § Court Below—Superior Court
§ of the State of Delaware
    v. §
§ C.A. No. N18C-01-107
NATIONAL GENERAL §
ASSURANCE COMPANY, §
§
    Defendant Below, §
    Appellee. §

Submitted: March 22, 2019
Decided:    June 5, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

**<u>ORDER</u>**

After consideration of the parties' briefs and the record below,[1] it appears to the Court that:

(1)    The plaintiff below-appellant, James L. Martin, filed this appeal from a Superior Court order granting the motion to dismiss filed by the defendant-below National General Assurance Company. We conclude that the judgment of the Superior Court should be affirmed.

---

[1] We do not consider the documents that were included in the appellee's appendix and that the appellant moved to strike because they were not part of the record below.

(2) On October 10, 2015, Martin was injured in a collision with a car while riding his bicycle.[2] Martin's insurance policy with National General included $15,000 for personal injury protection ("PIP"), $5,000 for loss of property under PIP, and $15,000 for bodily injury under the uninsured/underinsured ("UM/UIM) provision, with $10,000 for property damage. The driver's insurance policy with State Farm included $15,000 for PIP. Martin received $15,000 in PIP benefits from the driver's State Farm policy. Martin alleged that his losses, including medical and surgical expenses and lost income, from the accident exceed the PIP and UIM limits.

(3) Martin demanded PIP and UIM coverage under his policy with National General. National General denied PIP coverage, informing Martin that State Farm was exclusively liable. National General also denied UIM coverage, initially informing Martin that the $15,000 policy limit did not exceed the State Farm policy limit. National General subsequently informed Martin that his bicycle did not fall under the definition of a covered auto under the policy. Finally, National General informed Martin that he was not entitled to UIM coverage because the State Farm policy limit was not exhausted.

---

[2] The facts stated in this order are drawn from the allegations of the complaint and are assumed to be true only for purposes of this appeal from a motion to dismiss. *Malpiede v. Townson*, 780 A.2d 1075, 1082 (Del. 2001).

2

(4)     At an arbitration before a Delaware Department of Insurance Arbitration Panel, the arbitrator found that Martin could not recover PIP benefits under the National General policy because the policy precluded stacking of PIP policies. The arbitrator found that the UIM claim was outside of his authority. The arbitrator entered a decision in favor of National General.

(5)     On January 11, 2018, Martin filed a complaint in the Superior Court for PIP and UIM coverage under the National General policy. He also alleged that he was entitled to exemplary damages based on National General's bad faith denial of UIM benefits based on an out-of-date version of 10 *Del. C.* § 3902(b)(2), failure to investigate the cause of the accident, and failure to pay the policy limit. National General filed a motion to dismiss the complaint for failure to state a claim under Superior Court Civil Rule 12(b)(6). National General argued that a policy exclusion precluded the double recovery of PIP benefits. As to the UIM claim, National General argued that Martin had not shown that all of the policies available to him at the time of the accident were exhausted as required by 18 *Del. C.* § 3902(b)(3). Martin opposed the motion and submitted portions of the policy that he claimed entitled him to PIP coverage. After oral argument, the Superior Court granted National General's motion to dismiss. This appeal followed.

(6)     We review a trial court's granting of a motion to dismiss *de novo*.[3]  On appeal, Martin argues that: (i) National General was required to file the entire insurance policy with its motion to dismiss; (ii) under the doctrine of *contra proferentem*, the policy allowed the recovery of PIP benefits under the State Farm and National General policies; and (iii) National General was subject to a bad faith claim based on its wrongful denial of his UIM claim.  Martin did not raise his first argument in the Superior Court so we will not consider that argument for the first time on appeal.[4]

(7)     Turning to Martin's next argument, the doctrine of *contra proferentem* requires ambiguous language in an insurance policy to be construed against the insurance company.[5]  The National General policy endorsement excluded PIP coverage for injuries sustained by the named insured or any family member while a pedestrian injured by an accident with any motor vehicle other than the covered auto with respect to which the insurance required by the Delaware Motorist Protection Act is in effect.  In *Gonzalez v. State Farm Mut. Auto. Ins. Co.*,[6] this Court found that virtually identical language was unambiguous and precluded a mother from collecting the $15,000 PIP policy limit from her insurance carrier after her son was

---

[3] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).
[4] Supr. Ct. R. 8.  At oral argument, the Superior Court considered the portions of the insurance policy submitted by National General and by Martin.
[5] *Penn Mut. Life Ins. Co. v. Oglesby*, 695 A.2d 1146, 1149-50 (Del. 1997).
[6] 1996 WL 526014 (Del. Aug. 1996).

hit by a car while riding his bicycle and the driver's insurance company paid the $15,000 PIP policy limit. In light of the unambiguous policy language, the doctrine of *contra preferentem* is not applicable here. The plain language of the National General policy precluded Martin from recovering the $15,000 PIP policy limit under both the State Farm policy and the National General policy. He therefore failed to state a claim for PIP benefits under the National General policy.

(8)     Finally, Martin failed to state a claim for UIM benefits or bad faith. Under 18 *Del. C.* § 3902(b)(3), National General was not obligated pay any UIM benefits "until after the limits of liability under all bodily injury bonds and insurance policies available to the insured at the time of the accident have been exhausted by payment of settlement or judgments." Martin did not allege and does not claim that all limits of liability under all bodily injury bonds and insurance policies available (specifically the driver's State Farm policy) have been exhausted. Even though National General initially denied UIM coverage based on an out-of-date version of § 3902(b)(2),[7] National General subsequently denied coverage based on the

---

[7] This section previously allowed an injured claimant to recover UIM benefits from their insurance company when their UIM coverage limits exceeded the tortfeasor's bodily injury liability coverage limit. 18 *Del. C.* § 3902(b)(3) (1995) ("An underinsured motor vehicle is one for which there may be bodily injury liability coverage in effect, but the limits of bodily injury liability coverage under all bonds and insurance policies applicable at the time of the accident total less than the limits provided by the uninsured motorist coverage."). In 2013, this section was amended to provide that a claimant could recover UIM benefits when their damages exceeded the tortfeasor's bodily injury coverage limit. 18 *Del. C.* § 3902(b)(3) (2013) ("An underinsured motor vehicle is one for which there may be bodily injury liability coverage in effect, but the limits of bodily injury liability coverage under all bonds and insurance policies applicable at the time of the accident are less than

5

unexhausted State Farm policy, which Martin does not dispute.  After careful consideration of the parties' arguments, we conclude that the Superior Court did not err in dismissing the Martin's complaint.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

the damages sustained by the insured.").  The amendment applied to policies issued or renewed after January 3, 2014.